UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| COREY L. HINES, | ) | |
| --- | --- | --- |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 4:07CV1884 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody to Vacate, Set Aside or Correct Sentence, [Doc. 1]. The government has responded to the motion. For the reasons set forth below, the motion is denied, without a hearing.

### **Facts and Background**

On November 8, 2005, Movant was found guilty by a jury of the crimes of: knowingly and willfully conspiring with another to commit identity fraud by misrepresenting their names and social security numbers in violation of 42 U.S.C. § 408(a)(7)(B); two counts of knowingly aiding and abetting another when she falsely represented a number to be the Social Security Account assigned to her by the Commissioner of Social Security on a credit application for the purposes of obtaining credit, money and property, and with the intent to deceive, in violation of

42 U.S.C. § 408(a)(7)(B) and 18 U.S.C. § 2; falsely representing, with the intent to deceive, that a number was the Social Security Account Number assigned to him by the Commissioner of Social Security for the purpose of concealing his true identity from law enforcement in violation of 42 U.S.C. § 408(a)(7)(B); and knowingly using without lawful authority a means of identification of another person, in violation of 18 U.S.C. § 1028(A). Movant was sentenced by this Court on February 24, 2006 to 95 months imprisonment and a term of three years supervised release.

Movant appealed this judgment, and on January 8, 2007, the Eighth Circuit Court of Appeals affirmed. The Appellate Court's Mandate was issued on March 8, 2007. The Supreme Court denied certiorari on October 10, 2007.

In his appeal, Movant argued that the Court erred in enhancing his sentence based on the findings that he was an organizer and leader of the scheme; that he obstructed justice; and that he defrauded ten or more victims. The Appellate Court disagreed, and affirmed Movant's conviction. The Appellate Court found that these findings and enhancements did not violate *Blakely v. Washington*, 542 U.S. 296 (2004), under the holdings in *United States v. Booker*, 543 U.S. 220 (2005) and post-*Booker* appellate decisions, citing *United States v. Brave Thunder*, 445 f.3d 1062, 1065 (8th Cir. 2006).

## **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

## **Standards for Ineffective Assistance of Counsel**

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional

assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (*i.e.*, the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong,

however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,* 296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

## Discussion

Movant raises two grounds for relief:

Ground One: Movant claims that trial counsel was ineffective for not presenting allegedly exculpatory letters and testimony from his wife, Toyetta Hines and testimony of Joseph Miller.

Ground Two: Movant claims his constitutional rights were violated because the sentencing enhancements were decided by the Court and not a jury.

**Ground One**

Respondent has submitted the affidavit of trial counsel wherein counsel

details his rationale for not calling Movant's wife to testify. Counsel sets forth that the decision was a matter of trial strategy. Toyetta Hines was represented on similar charges and it was very unlikely that her attorney would have agreed to allow her to testify. Furthermore, counsel was of the opinion that Ms. Hines had some mental problems and feared her testimony would benefit Movant and further that she may not testify as Movant thought she would. Considering that Ms. Hines was also a defendant on similar charges as Movant, counsel's decision was well within an objective realm of reasonable trial strategy.

With respect to certain letters Movant claims would have helped in his defense, counsel's affidavit establishes that he was not given any letters which he could have presented in court. Movant's unsupported claims that the letters were exculpatory fails to overcome counsel's affidavit. Moreover, Movant fails to identify how these letters could have been admitted into evidence in light of the reasoned decision to not call Ms. Hines as a witness.

Movant argues that Joseph Miller gave him permission to use his name as his own to the police because of Movant's criminal background. As the Respondent correctly argues, the Eighth Circuit's decision clearly establishes that even if Mr. Miller gave Movant permission to use his identity, Movant acted without lawful

authority when using Miller's identification. The testimony Mr. Miller could have provided was, therefore irrelevant to any issues in the trial. The failure to call Mr. Miller cannot establish ineffective assistance of counsel. Ground One is, accordingly, denied.

**Ground Two**

Movant raised the exact issue on appeal and it was rejected by the Appellate Court. It is well established that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255. *United States v. Shabazz*, 657 F.2d 189 (8th Cir. 1981); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). Movant has presented nothing new with respect to this basis for seeking relief, and the Court's own research reveals no new authority which would entitle Movant to relief. Ground two, is therefore without merit and is denied.

Movant has also filed a Reply to Respondent's Response. Nothing in the Reply gives rise to relief. Movant argues that his wife should have been deposed. For the same reasons Ms. Hines was not called to testify, there is no basis upon which Ms. Hines should have been deposed.

Movant also argues that counsel should have called other witnesses from the

victim merchants. Movant's unsupported claims are pure unadulterated speculation and fail to entitle Movant to any relief.

## Conclusion

Based upon the foregoing analysis, none of the grounds upon which Movant relies entitles him to relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of

Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 1st day of May, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE